UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER LEIGH BOSTWICK,
o/b/o G.R.B.

         Plaintiff,

  v.                 **DECISION AND ORDER**
                          14-CV-374S
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

   1.  Plaintiff, on behalf of her son G.R.B., a child under the age of 18, challenges an Administrative Law Judge's ("ALJ") determination that G.R.B. is not entitled to Supplemental Security Benefits under the Social Security Act ("the Act"). Plaintiff alleges disability onset date of November 1, 2009 due to a learning disability.

   2.  Plaintiff filed an application for Supplemental Security Income ("SSI") on December 6, 2010. The application was initially denied on April 5, 2011. Plaintiff filed a written request for a hearing on May 18, 2011. Pursuant to Plaintiff's request, an administrative hearing was held before ALJ William M. Weir on November 9, 2012 at which time G.R.B., Plaintiff, and Plaintiff's attorney appeared. The ALJ considered the case *de novo*, and on November 29, 2012, issued a decision finding that G.R.B. was not disabled. On March 21, 2014, the Appeals Council denied Plaintiff's request for

review. Plaintiff filed the current civil action on May 20, 2014, challenging the Commissioner's final decision.[1]

3. On September 30, 2014, the Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 8). The Commissioner followed suit with her own motion on December 24, 2014. (Docket No. 12). For the following reasons, the Commissioner's motion is granted and the Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's November 29, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924. Specifically, it must be determined: (1) whether or not the child has engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;" and (3) whether his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals,

or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

7. Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(i).

8. After applying the three-step evaluation in this case, the ALJ concluded that G.R.B. was a school-aged child at the time of the decision. (R. at 18).[2] The ALJ then determined that: (1) G.R.B. had not engaged in substantial gainful activity since the application date (R. at 18); (2) G.R.B.'s language and information processing disorder were severe impairments (R. at 18); and (3) G.R.B. did not have an impairment or combination of impairments that met or medically equaled an impairment contained in the Listing of Impairments. Id. The ALJ further concluded that G.R.B. had no limitation in

---

[2] Citations to the underlying administrative record are designated as "R."

4

the domains of moving and manipulating objects and in health and physical well-being, and had a less than marked limitation in all other domains. Thus the ALJ found Plaintiff was not disabled. (R. at 18-28).

9. Plaintiff raises two challenges to the ALJ's decision. Plaintiff first argues that the ALJ's stated reason for assigning little weight to the opinion of G.R.B.'s third grade teacher was conclusory and unsupported by the record. Alternatively, Plaintiff contends that remand is also warranted because the ALJ failed to appropriately weigh the opinion evidence in accordance with the requisite regulatory factors.

10. With respect to the opinion of Ms. Wieworski, G.R.B.'s third grade teacher, in order to make a determination regarding an individual's impairment, the ALJ must consider all of the available evidence in the individual's case record including objective medical evidence, opinions from medical sources, and information from other "non-medical sources." SSR 06-03p, 2006 WL 2329939 at *1 (Aug. 9, 2006). Information from other non-medical sources such as educational personnel[3] cannot establish the existence of a medically determinable impairment, instead there must be evidence from an "acceptable medical source" for this purpose, and only "acceptable medical sources" can give the ALJ medical opinions. SSR 06-03p at *2; see also 20 CFR 404.1513(a); 404.1527(a)(2); 416.913(a); and 416.927(a)(2).

11. Thus, although teachers such as Ms. Wieworski are not acceptable medical sources, they are "valuable sources of evidence for assessing impairment severity and functioning." SSR 06–03p at *3. "Often, [teachers] have close contact with

---

[3] Examples of relevant educational personnel include school teachers, counselors, early intervention team members, developmental center workers, and daycare center workers. SSR 06-03p, at *2; see also 20 CFR 404.1513(d) and 416.913(d).

5

[students] and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time." Id. Here, Plaintiff argues that the ALJ erred in giving little weight to the January 2011 opinion from Ms. Wiewiorski, G.R.B.'s third grade teacher. Ms. Wiewiorski opined that G.R.B. had "serious" problems in all aspects of Acquiring and Using Information and "very serious" problems in all aspects of Attending and Completing Tasks. (R. at 20, 182-83). Plaintiff argues that this teacher's opinion supports a finding of at least a marked limitation in both domains, contrary to the ALJ's determination.

ALJ Weir gave little weight to this opinion because he determined that G.R.B. improved after being transferred from Ms. Wiewiorski's class into Ms. Prinzing's special education class, which had smaller groups and one-on-one instruction (R. at 20-22). Plaintiff argues that this finding is "problematic" because the ALJ did not indicate on what evidence he based his finding that G.R.B. had improved. (Pl's Mem of Law at 16.) However, in discussing the separate domains, ALJ Weir elaborated by comparing Ms. Wiewiorski's more severe findings in January 2011 to Ms. Prinzing's May 2011 opinion, which found fewer occurrences of serious problems in the domains of Acquiring and Using Information, as well as Interacting and Relating to Others and Caring for Self, additional domains in which Ms. Wiewiorski had noted more severe problems. (R. at 23, 25, 27). The ALJ also specifically noted that Ms. Wiewiorski's opinion that G.R.B. had severe problems with attending and completing tasks was inconsistent with the medical opinion of the consultative examiner that the child's attention and concentration were intact. (R. 24, 304); see SSR 06-03p at *4 (The consistency of a non-medical source's opinion with other evidence in the record is a relevant factor in evaluating the non-

6

medical source's opinion). Further, although the ALJ recognized that G.R.B.'s reading grades slipped in certain areas between the third and fourth quarter of the 2010-2011 school year, there is no evidence that this reflects a "precipitous decline" undermining the ALJ's conclusion, as argued by Plaintiff. (R. 21; Pl's Mem of Law at 16.) This is particularly true where the ALJ also noted that, upon being moved to special education classes, G.R.B.'s reading level has improved from a first grade/early second grade level, to an end of second grade/beginning of third grade level, and that his math and writing skills improved from being at a first grade level to being at a 2.5 grade math level and second grade writing level. (R. 20-21, 23.)

Plaintiff further argues that the ALJ did not consider the standard Mrs. Prinzing used when evaluating G.R.B., questioning whether Ms. Prinzing evaluated him as a special education student or as a student in a regular classroom such as Ms. Wiewiorski's evaluation. See 20 CFR 416.924a(b)(3)(ii) (an ALJ should consider the standards used by the person providing an evaluation, including the characteristics of the group to whom a claimant is being compared). Initially, the questionnaire Ms. Prinzing completed expressly requests her to evaluate G.R.B. by comparing his "functioning to that of same-aged, unimpaired children who are in regular education." (R. 207.) Further, the fact that a child does or does not receive special education services does not, in itself, establish that child's actual limitations or abilities. 20 C.F.R. 416.924a(b)(7)(iv). Children are placed in special education settings for many reasons that may or may not be related to the level of their impairments. Id. Accordingly, this Court finds that ALJ Weir properly explained why he afforded little weight to Ms. Wiewiorski's opinion, and that determination is supported by substantial evidence.

12. Plaintiff alternatively argues that remand is warranted because the ALJ did not consider the requisite regulatory factors when weighing the opinion evidence in the record. As noted above, the ALJ is required to evaluate all the evidence in the record. In deciding whether a claimant is disabled, the ALJ will always consider the medical opinions in the record, together with the rest of the relevant evidence. See 20 C.F.R. § 416.927(b); SSR 06-03p.

Plaintiff first claims that ALJ Weir "did not explain what weight he gave to Ms. Prinzing's [May 2011] teacher evaluation." (Pl's Mem of Law at 23.) However, ALJ Weir does not have to expressly state the weight he attributed to this opinion because the teacher is a non-medical source. See SSR 06–03p at *6. Instead, he should ensure that the discussion of any non-medical source opinions allows the claimant or subsequent reviewer to follow his reasoning "when such opinions may have an effect on the outcome of the case." SSR 06–03p, at *6. Here, although the ALJ did not state what weight he afforded Ms. Prinzing's opinion, he did expressly indicate to which opinions he gave little weight (Ms. Wiewiorski) and to which he afforded great weight (the medical opinions of two psychologists and a consultative examiner). This Court finds no error or obfuscation in the ALJ's failure to expressly state that he gave "some weight" to Ms. Prinzing's opinion, as this is readily apparent from the context of the decision. Further, the ALJ noted which of Ms. Prinzing's findings that he found significant with respect to each domain, and addressed it along with similar evidence from other sources. (R. at 21-27.) This Court finds ALJ Weir properly evaluated Ms. Prinzing opinion as a non-medical source.

13. Contrary to Plaintiff's next argument, the failure of the ALJ to specify whether "[s]tate agency consulting pediatrician" Dr. Meyers was an examining physician is of no moment, inasmuch as the relevant regulations recognize that state agency consultants are non-examining sources. See 20 C.F.R. §§ 404.1527(e); 404.1615(b) (state agency determinations are based only on a review of the evidence in a claimant's case file).

14. Plaintiff next argues that the ALJ failed to appropriately consider the length of Ms. Wierworski's relationship with G.R.B. when he determined that the opinion of Dr. Susan Santarpia, a consultative psychiatrist who examined G.R.B. only once, was entitled to more weight. Plaintiff further argues that the ALJ failed to consider whether Dr. Santarpia's opinion was supported by her examination results or whether it was consistent with other, more extensive cognitive testing.

Initially, having concluded that the ALJ appropriately explained his reasoning for affording Ms. Wierworki's opinion less weight than other opinions in the record, including other non-medical source opinions, this Court finds no error in the ALJ's determination to assign more weight to the opinion of consultative psychiatrist Dr. Santarpia.

Further, Plaintiff's argument that Dr. Santarpia incorrectly concluded that G.R.B.'s working memory was intact is based on evidence outside the record, which cannot be considered here. See Bushey v. Colvin, 607 F. App'x 114, 115 (2d Cir. 2015) (citing 42 U.S.C. § 405(g)); see also Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013)

Finally, contrary to Plaintiff's last argument, this psychiatrist's opinion is not inconsistent with other evidence of cognitive testing in the record. Although phrased

9

differently, the findings of Dr. Santarpia and Dr. Zoeller, the psychologist whose opinion was also given significant weight, were often similar. For example, Dr. Zoeller found that G.R.B. had an ability to sustain attention, concentration, and exertion in the borderline range, potentially resulting in the child's need for more time to process *more complex* information. (R. at 20, 264). Dr. Santarpia similarly found that G.R.B.'s cognitive functioning was in the low average range, and that the child's concentration was intact and age appropriate because the child could "do *simple* one-step as well as two-step mathematical calculations and serial subtraction." (R. at 21, 304 (emphasis added)). The ALJ similarly noted that both doctors diagnosed G.R.B. with a learning disability. (R. 20-21.) Further, the ALJ expressly addressed the findings of low working memory by discussing the special education accommodations made for G.R.B., specifically the use of preferential seating and the re-teaching of materials. (R. at 23) and further detailed the age-appropriate activities engaged in by G.R.B., which were consistent with Dr. Santarpia's findings. (R. at 23 (age-appropriate books), 24 (ability to play and advance in video games and to follow TV shows), 25 (age-appropriate interaction with friends, including the ability to go on sleepovers)).

15. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 25, 2015
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge